CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
DEC - 3 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAM BRODERICK, | ) | Civil Action No. 7:12-cv-00064 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD CLARKE, | ) | By: Hon. Jackson L. Kiser |
| Respondent. | ) | Senior United States District Judge |

Michael William Broderick, a Virginia prisoner proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to challenge judgments entered by one judge at one time for the Circuit Court of Roanoke City, the Circuit Court of Roanoke County, and the Circuit Court of the City of Salem. The court conditionally filed the petition; directed the Clerk to open three separate civil actions, each with the same petition challenging a single Circuit Court's judgment, pursuant to Rule 2(e) of the Rules Governing § 2254 Cases; and directed respondent to respond to the petition filed in this action.[1] Respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, I dismiss the petition because petitioner is not entitled to relief.

## I.

On July 14, 2009, the Circuit Court of the City of Salem sentenced petitioner to a fifteen-year active term of incarceration after petitioner pleaded guilty to five felonies: three counts of statutory burglary and two counts of grand larceny.[2] Petitioner appealed to the Court of Appeals of Virginia, arguing that the court erred by imposing a sentence in excess of the sentencing

---

[1] This action concerns the judgment entered by the Circuit Court of the City of Salem.
[2] The judge who sentenced petitioner was not the same judge who accepted petitioner's guilty plea.

guidelines. The Court of Appeals of Virginia denied the appeal, and the Supreme Court of Virginia refused petitioner's subsequent appeal.

Petitioner filed a habeas corpus petition with the Supreme Court of Virginia, arguing claims about the convictions entered by the Circuit Court of the City of Salem. The Supreme Court of Virginia dismissed the petition because the claims were either defaulted or unmeritorious.

Petitioner timely filed the instant federal habeas petition, alleging three claims that were already presented to the Supreme Court of Virginia. First, petitioner unintelligently entered guilty pleas under coercion and undue influence for the charges in the Circuit Court of the City of Salem. Second, the judge "conducted himself [during sentencing] in a way that lent to questionable impartiality," and the judge's failure to recuse himself deprived petitioner of due process. Third, petitioner's counsel rendered ineffective assistance, and consequently, petitioner "made unintelligent decisions leading to less lenient consequences of petitioner's legal causes."

## II.

A petitioner procedurally defaults a federal habeas claim when "a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule." Hedrick v. True, 443 F.3d 342, 359 (4th Cir. 2006). A state court's finding of procedural default is entitled to a presumption of correctness, provided two foundational requirements are met. 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259-61 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state

2

ground for denying relief. Ford v. Georgia, 498 U.S. 411, 423-24 (1991); Harris, 489 U.S. at 260. A state procedural rule is "independent" if it does not depend upon a federal constitutional ruling and "adequate" if it is firmly established and regularly or consistently applied by the state court. Yeatts v. Angelone, 166 F.3d 255, 263-64 (4th Cir. 1998).

Petitioner argues in his second claim that the sentencing judge was not impartial and should have recused himself. The Supreme Court of Virginia rejected this claim pursuant to Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974), because it could have been raised at trial or on direct appeal but was not and did not concern a jurisdictional issue or ineffective assistance of counsel. The United States Court of Appeals for the Fourth Circuit has "repeatedly recognized that the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998) (internal quotations omitted). Therefore, the second claim is procedurally defaulted.

A court may not review procedurally defaulted claim absent a showing of a fundamental miscarriage of justice or cause and prejudice. Harris, 489 U.S. at 262. The existence of cause ordinarily turns upon a showing of ineffective assistance of counsel, a factor external to the defense that impeded compliance with the state procedural rule, or the novelty of the claim. Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990). See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995) (recognizing a court does not need to consider the issue of prejudice in the absence of cause). Errors of counsel may serve as cause to excuse a procedural default if a petitioner demonstrates (1) that the errors were so egregious that they violated petitioner's constitutional right to effective assistance of

counsel[3] and (2) that the ineffective assistance claim itself is exhausted and not procedurally defaulted. Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000).

Petitioner mentions in the petition that he was unable to argue this issue on appeal because counsel rendered ineffective assistance by not allowing petitioner to approve or veto the claims raised on appeal. (Pet. 8.) This specific claim is not exhausted because it was not presented to the Supreme Court of Virginia. Moreover, petitioner does not have "a constitutional right to compel . . . counsel to press nonfrivolous points [he] requested . . . ." Jones v. Barnes, 463 U.S. 745, 751 (1983). "For judges to . . . impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy. . . ." Id. at 754. Thus, the fact that counsel did not consult with petitioner about what claims to raise on appeal does not constitute ineffective assistance of counsel or cause. Accordingly, petitioner fails to establish a fundamental miscarriage of justice or sufficient cause and prejudice to excuse the procedural default.

---

[3] A petitioner claiming ineffective assistance of counsel must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). The first prong of Strickland requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. The second prong of Strickland requires a petitioner to show that counsel's deficient performance prejudiced him by demonstrating a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine the confidence of the outcome." Id.

If a petitioner has not satisfied one prong of the Strickland test, a court does not need to inquire whether he has satisfied the other prong. Id. at 697. "[A]n attorney's acts or omissions that are not unconstitutional individually cannot be added together to create a constitutional violation." Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998). Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland, 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id. "[E]ffective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978).

4

## III.

A federal court may grant habeas relief from a state court judgment "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). After a state court addressed the merits of a claim also raised in a federal habeas petition, a federal court may not grant the petition unless the state court's adjudication of a claim is contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413.

A federal court may also issue the writ under the "unreasonable application" clause if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. This reasonableness standard is an objective one. Id. at 410. A Virginia court's findings cannot be deemed unreasonable merely because it does not cite established United States Supreme Court precedent on an issue if the result reached is not contrary to that established precedent. See Mitchell v. Esparza, 540 U.S. 12, 16 (2003). Furthermore, "[a] state-court factual determination is not unreasonable merely because the federal habeas court

5

would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. 290, ___, 130 S. Ct. 841, 849 (2010).

A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)). See, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006). Finally, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. ___, 131 S. Ct. 1388 (2011).

In the first claim and a portion of the third claim, petitioner argues his guilty pleas for the Salem charges were not knowingly and voluntarily made because his attorney misadvised him, which resulted in petitioner receiving a greater sentence than he expected. Petitioner alleges that he received a letter from counsel before the plea hearing, advising him to plead guilty to four felonies and one misdemeanor in exchange for the Commonwealth nolle prossing the remaining charges.[4] Petitioner signed the letter, thinking that the letter constituted the plea agreement, and mailed it back to counsel.[5]

At the plea hearing, however, petitioner learned that he was going to be pleading guilty to five felonies, not four, after seeing that counsel changed the terms of the letter by striking the word "petit" and inserting "grand" before "larceny." Petitioner questioned counsel about the change, and counsel replied, "It doesn't matter." Petitioner then acknowledged during the plea

---

[4] Petitioner was originally charged in Salem with eleven offenses, but the Commonwealth agreed to noll prose six charges, including grand larceny, statutory burglary, escape without force, and two misdemeanor violations of a protective order, in exchange for petitioner's guilty pleas to five felonies: three counts of statutory burglary and two counts of grand larceny.

[5] The letter, which was presented to the Supreme Court of Virginia, was not signed by an agent of the Commonwealth. See United States v. Bowe, 257 F.3d 336, 345 (4th Cir. 2001) (recognizing plea agreements are grounded in contract law). There is no indication in the record that a written plea agreement existed,

6

colloquy that he fully understood the five felony charges against him to which he was pleading guilty, counsel had explained to him everything the Commonwealth was required to prove to convict him, and he had had enough time to consult with counsel about any possible defenses he might have. Petitioner also affirmed he had discussed with counsel whether to plead guilty, had decided for himself to plead guilty, and was doing so freely and voluntarily because he had committed the offenses. Petitioner also said that he had not been threatened, forced, or tricked into pleading guilty, and he affirmed that he understood his guilty pleas could be used as grounds for revoking his previously imposed probation or parole. Petitioner further acknowledged that he understood he was waiving certain rights by pleading guilty and that the maximum punishment for each offense was 20 years in prison although the court would decide the actual sentence. Petitioner told the court he was satisfied with the work his attorney had done on his behalf and that he had "the best defense attorneys in the [Roanoke] Valley[.]" Despite his sworn statements to the Circuit Court, petitioner complained that he would not have signed the letter if counsel had not "coerced" and "pressured" petitioner into pleading guilty to five felonies and if he had known he would receive harsher sentence.

The Supreme Court of Virginia rejected these allegations, holding that petitioner did not satisfy the requisite standards established in Strickland v. Washington, 466 U.S. 668 (1984), and Hill v. Lockhart, 474 U.S. 52 (1985).[6] The Supreme Court of Virginia's adjudication of these claims is neither contrary to, or an unreasonable application of, clearly established federal law nor based on an unreasonable determination of the facts. Petitioner's statements under oath

---

[6] Hill held that a petitioner alleging ineffective assistance of counsel for a guilty plea must prove prejudice by demonstrating that there was a reasonable probability that the petitioner would not have pled guilty and would have insisted on going to trial but for counsel's error. 474 U.S. at 59.

7

during the plea hearing are presumed to be true, Blackledge v. Allison, 431 U.S. 63, 73-74 (1977), and petitioner's sworn statements in response to the Circuit Court's questions cured any allegedly incorrect advice given by counsel. See, e.g., United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (recognizing a plea colloquy cures any improper advice given prior to the plea about knowing the potential consequences of pleading guilty). See also United States v. Bocc, 488 U.S. 563, 572 (1989) ("A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended . . . the likely penalties attached to alternative courses of action.") (quoting Brady v. United States, 397 U.S. 742, 757 (1970)). Accordingly, petitioner failed to establish an unknowing or involuntary guilty plea or that counsel rendered ineffective assistance with petitioner's decision to plead guilty to the five felonies.

Petitioner further alleges in the remaining portion of the third claim that counsel rendered ineffective assistance when counsel failed to screen petitioner for substance abuse before the sentencing hearing; failed to communicate with him; failed to thoroughly review the presentence report; failed to call Andy Stratton, a victim of petitioner's crimes, as a witness; failed to insist on the judge's recusal; misadvised petitioner that he could not file a motion for reconsideration; and failed to consult with petitioner about the appeal. The Supreme Court of Virginia rejected these claims because petitioner did not explain how these allegations caused prejudice or how counsel's performance fell below an objective standard of reasonableness.

The Supreme Court of Virginia's adjudication of these claims is neither contrary to, or an unreasonable application of, clearly established federal law nor based on an unreasonable determination of the facts. Petitioner did not allege how a substance abuse evaluation would

8

have impacted his sentence; did not allege what specific information would have sufficiently impacted petitioner's sentence if counsel was more accessible; and did not specifically describe the incorrect portions of the presentence report during sentencing or in his habeas petition or establish that any discrepancy had a reasonable probability of reducing the imposed sentences. Petitioner also did not describe what testimony Stratton would have provided that would have caused a reasonable probability that the result of the proceeding would have been different and did not explain what information counsel should have disclosed to petitioner that would have convinced petitioner to not consent to the judge presiding over the sentencing hearing. Petitioner also did not have a right to counsel to file a motion for reconsideration, and he fails to establish a reasonable probability that his sentence would have been different had that motion been filed. See Evitts v. Lucey, 469 U.S. 387, 393 (1985) (recognizing a criminal defendant has a right to counsel during trial and during an appeal). As discussed supra, petitioner does not have a right to tell counsel what issues to raise on appeal. Jones, 463 U.S. at 751-52 (recognizing counsel need not argue every nonfrivolous claim requested by a party). Accordingly, the Supreme Court of Virginia's adjudication of these claims is neither contrary to, or an unreasonable application of, clearly established federal law nor based on an unreasonable determination of the facts.

## IV.

For the foregoing reasons, I grant respondent's motion to dismiss and dismiss the petition for a writ of habeas corpus. Based upon my finding that petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for respondent.

**ENTER**: This 3rd day of December, 2012.

/s/ Jackson L. Kiser
Senior United States District Judge